UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PETER GAKUBA,

    Petitioner,

  v.             26-CV-870-LJV
                DECISION & ORDER
LETITIA JAMES, NY AG,

    Respondent.

_____

   The pro se petitioner, Peter Gakuba, commenced this action on April 29, 2026, by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his criminal conviction in Winnebago County, Illinois.  Docket Item 1.  He also has moved to proceed in forma pauperis (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it).  Docket Item 3.  And he has moved for appointment of counsel, for electronic filing privileges, and for a hearing. Docket Items 2, 4, and 6.

   Gakuba's motion to proceed in forma pauperis is granted, but for the reasons that follow, his petition is transferred to the United States Court of Appeals for the Seventh Circuit.

## BACKGROUND

   In 2017, Gakuba filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Illinois challenging the same conviction he challenges in this petition: his conviction on April 29, 2015, for

three counts of aggravated sexual abuse, in the Circuit Court for the Seventeenth Judicial Circuit, Winnebago County, Illinois.  *See Gakuba v. Brannon*, 3:17-CV-50337, Docket Item 1 (N.D. Ill. Nov. 7, 2017).  Three of the seven grounds raised in the petition were dismissed without prejudice as unexhausted, *Gakuba v. Brannon*, 2017 WL 11473882, at *2 (N.D. Ill. Nov. 20, 2017), and the remaining four grounds were later denied on the merits, *see Gakuba v. Brannon*, 2018 WL 10127255, at *8-12 (N.D. Ill. Oct. 24, 2018).  The United States Court of Appeals for the Seventh Circuit then denied Gakuba's request for a certificate of appealability, *Gakuba v. Neese*, 2019 WL 12536617 (7th Cir. June 24, 2019), and the United States Supreme Court denied his petition for a writ of certiorari, *Gakuba v. Neese*, 589 U.S. 1149 (2020).

Since his initial habeas petition, Gakuba has "filed no fewer than ten petitions for federal habeas corpus relief in seven separate federal district courts," all of which were "transferred or dismissed as successive."  *See Gakuba v. Md. Att'y Gen.'s Off.*, 2025 WL 2940726, at *1 (D. Md. Sep. 24, 2025) (collecting cases), *appeal dismissed sub nom. Gakuba v. Brown*, 2025 WL 3720742 (4th Cir. Dec. 23, 2025); *see also In re Gakuba*, 2026 WL 906423, at *2 (D.V.I. Mar. 10, 2026) ("[A] Westlaw online search revealed 306 cases that Mr. Gakuba has filed in federal courts, not only in Illinois and the Seventh Circuit, where his conviction and sentence occurred, but in other random circuits where courts have dismissed Mr. Gakuba's challenges to his 2015 convictions because they constitute successive habeas petitions."), *report and recommendation adopted*, 2026 WL 906409 (D.V.I. Apr. 2, 2026).

Undeterred by his prior unsuccessful attempts to challenge his conviction, Gakuba now gives this District a try.[1]  But this attempt fails for the same reason that his prior attempts have failed in other courts: the petition remains second or successive.

## **DISCUSSION**

"A petition is second or successive if a prior petition raising claims regarding the same conviction or sentence has been decided on the merits."  *Quezada v. Smith*, 624 F.3d 514, 517-18 (2d Cir. 2010) (alteration, citation, and internal quotation marks omitted).  Before a district court may entertain a second or successive application for a writ of habeas corpus filed under section 2254, the petitioner must have first requested and obtained an order from the appropriate court of appeals authorizing the filing of such a second or successive petition.  *See* 28 U.S.C. § 2244(b)(3); *Gakuba v. Cal. Att'y Gen.*, 2023 WL 2356696, at *1 (C.D. Cal. Feb. 21, 2023) ("To the extent [p]etitioner challenges his Illinois conviction based upon claims that were not presented in his prior federal petition (or were not adjudicated on their merits), he must receive authorization from the U.S. Court of Appeals before filing such a second petition." (citing *Burton v. Stewart*, 549 U.S. 147, 153 (2007)).

---

[1] Gakuba's reason for selecting this District is unclear.  He was not convicted here, nor does he say that he lives here now.  Indeed, he does not suggest any connection whatsoever between this District and him or his conviction, and public records suggest that he resides elsewhere.  *See* National Sex Offender Public Website, https://www.nsopw.gov/search-public-sex-offender-registries (identifying Gakuba as residing in Maryland) (last accessed July 1, 2026).

The Second Circuit has instructed that "when a second or successive petition for habeas corpus relief . . . is filed in a district court without the authorization . . . that is mandated by [section] 2244(b)(3), the district court should transfer the petition . . . to [the Circuit Court] in the interest of justice pursuant to [section] 1631[.]" *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996), *as amended* (Oct. 7, 1996).  There is no indication that Gakuba's petition has been so authorized, and it therefore must be transferred to the United States Court of Appeals for the Seventh Circuit.  *See In re Gakuba*, 1:21-CV-8121, Docket Item 6 (S.D.N.Y. Oct. 4, 2021) (transferring second or successive section 2254 petition to the Seventh Circuit); *cf. Gakuba v. Doe*, 2022 WL 561669, at *2-5 (S.D.N.Y. Feb. 22, 2022) (determining that the second habeas petition filed by Gakuba in Southern District of New York was successive, but declining to transfer the action to the Seventh Circuit and instead dismissing the action without prejudice for want of jurisdiction where, among other reasons, Gakuba requested it not be transferred).[2]

This Court acknowledges that Gakuba's petition may suffer from infirmities that might lead to its dismissal if the petition did not first need to be transferred.  For example, it does not appear that Gakuba satisfies the "in custody" requirement of 28

---

[2] Gakuba may have asked that his case not be transferred to the Seventh Circuit because that court had sanctioned Gakuba for filing a frivolous application for leave to file a successive petition.  *See Gakuba v. Jeffreys*, 2022 WL 18863593, at *1 (7th Cir. Nov. 21, 2022).  But the order sanctioning Gakuba does not appear to have entirely foreclosed his pursuing habeas relief in that court.  *See id*. ("Any application for leave to file successive collateral attacks on this conviction or sentence will be deemed denied 30 days after filing *unless this court orders otherwise*." (emphasis added)), *cert. denied*, 143 S. Ct. 848 (2023).

U.S.C. § 2254(a).[3]  Nor is it evident that the petition is timely under 28 U.S.C.

§ 2244(d)(1), that the petition identifies a proper respondent under Rule 2(a) of the

Rules Governing Section 2254 Cases in the United States District Courts, or that venue

in this District is proper under 28 U.S.C. § 2241(d).  Nevertheless, second or successive

petitions must be transferred before the district court addresses the merits of the

petition.  *See Forbes v. United States*, 121 F.4th 1013, 1016 (2d Cir. 2024) (per curiam)

(noting that "district courts lack jurisdiction to rule on the merits of successive claims

and should transfer successive claims to [the Circuit]" (citing *Torres v. Senkowski*, 316

F.3d 147, 152 (2d Cir. 2003)); *see also* Rule 9 of the Rules Governing Section 2254

Cases in the United States District Courts ("Before presenting a second or successive

petition, the petitioner must obtain an order from the appropriate court of appeals

authorizing the district court to consider the petition as required by 28 U.S.C.

§ 2244(b)(3) and (4).").  The petition therefore is transferred to the United States Court

of Appeals for the Seventh Circuit.

## ORDER

Based on the above, it is hereby

---

[3] To the extent Gakuba is challenging his sex offender registration status in New York State, "district courts in New York, as well as other circuits that have reviewed similar laws, have concluded that sex offender registration requirements do not render a petitioner 'in custody' because, in principal part, those requirements are more similar to collateral consequences of conviction than to the strict requirements of parole and also because the statutes were not intended to be punitive."  *White v. LaClair*, 2021 WL 200857, at *5-6 (E.D.N.Y. Jan. 19, 2021) (collecting cases and distinguishing *Piasecki v. Court of Common Pleas*, 917 F.3d 161 (3d Cir. 2019), which addressed "a significantly more restrictive sex offender law").

ORDERED that Gakuba's motion to proceed in forma pauperis, Docket Item 3, is granted; and it is further

ORDERED that the petition is transferred to the United States Court of Appeals for the Seventh Circuit; and is further

.ORDERED that Gakuba's motions to appoint counsel, for electronic filing privileges, and for a hearing, Docket Items 2, 4 and 6, are denied without prejudice as moot.

SO ORDERED.

Dated:   July 1, 2026
         Buffalo, New York


                                        /s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE